Birchard, J.
Our inquiry is directed to the validity of the ordinances adopted by the city council. Their powers are those expressly conferred by the act of incorporation, and such as are necessary to carry them into effect. By the 8th section of the act passed March 1, 1834, the council has “power to ‘ make and publish all such laws and ordinances, as to them ‘ shall seem necessary, to provide for the safety, preserve the f health, and improve the morals, order, comfort, and conveni- * ence of said city.”
By the 13th section, it is enacted thus: “ They shall have ‘ power to license and regulate all carts, wagons, and drays, and ‘ every description of two and four wheeled carriages which { may be kept in said city for hire.”
The objection to the ordinance rests solely on that provision which authorizes the demand of a fee, as a prerequisite to the licensing of a drayman. In general, the authority to license carries with it the power to impose the terms and conditions upon which it shall be granted. It would seem that the right to license and regulate, and to provide by ordinance for the carrying into effect the powers expressly conferred upon them, are sufficient to justify all reasonable acts incident to the business.
*644 As usually received by mankind, particularly when applied to a municipal corporation, “ to license and regulate ” draymen, &c., implies the right of fixing the terms upon which they shall be permitted to exercise their calling, and of forbidding the exercise upon any other than upon the terms and in the manner prescribed. Such appears to have been the view of this Court in Buckingham’s case, (10 Ohio Rep. 261,) wherein it was held that, under the grant of a power to regulate the markets, the council had the right to exact a tax from the owners of the market wagon using the market. That case appears, in principle, not to be distinguishable from this.
In Boston v. Schaffer, 9 Pick. Rep. 419, suit was brought to recover one thousand dollars, exacted for granting a license to theatrical exhibitions. The Court said, £t if the one thou- £ sand dollars were to be regarded as a tax, it was not compe- £ tent for the Legislature to grant to the city of Boston the £ power to collect it.” ££ That it was not a tax; it was in the £ nature of an excise on a particular employment.” ££ The £ levying of an excise has been practiced in regard to other oc- £ cupations, and the constitutionality had never been doubted.”
The Court in that case held, that it was proper that towns, when put to expense by the exercise of particular employments, should be compensated., So in this case, the employment of drays, hacks, omnibuses, and other heavy vehicles, upon their pavements, cause no inconsiderable amount of expenditure to the city in the way of repairing the streets and alley's. It is manifest to every one, that, in a large city, vehicles of this description cause great destruction to the public ways; far greater than the usual ordinary travel of citizens otherwise employed. There is, therefore, no injustice in exacting a reasonable portion of the expenses which such special occupations cause to the community; and those who enjoy the special privilege, can refuse to bear a reasonable portion of the burden but with an ill grace. But aside from all this, it is unquestionble that the power to license and regulate drays, &c., authorized the assessment and collection of a fine from any one *645 running such vehicle without a license. It was for this offence that the fine was assessed by the mayor.
The case made by defendant shows that he did not even ask a license. The city council had a clear right to exact all reasonable expenses; and if the ordinance provides for any thing beyond what was reasonable under the circumstances, the fact should have so appeared affirmatively. It should not be left to be made out upon the inference of the Court, as a matter of ingenious speculation, or upon the statements of counsel. It matters little by what name the sum to be paid for license is called, if it be but a reasonable charge; and if it were unreasonable, the appropriate and - reasonable sum should have been tendered and the license demanded. Instead of doing this, the whole ordinance and city authority were set at defiance.
Bryson had no right to disregard those parts of the ordinance which were strictly legal, and which a court would enforce, even if some parts of it were illegal, and such as a court might not enforce. His rule of construction is one that no court would adopt; for in construing statutes, the rule is to enforce them so far as they are constitutionally made, rejecting only those provisions which show an excess of authority by the enacting power. The same rule of construction must govern in passing upon the validity of the ordinance duly enacted by the city council. Bryson might have paid the fee required of him, under protest, and have taken his license, and then contested the question, whether it was reasonable or unreasonable, in an action to recover back the three dollars thus paid. He chose to take the construction into his own hands, and assume, in the. first instance, that the city council had exceeded its authority, and that the entire ordinance was void ; and he must abide the consequence of running his dray without any license in defiance of the city.
But it is again urged that the whole ordinances are void, because they are in restraint of trade and levy a tax. If this were the true character of the ordinances, they could not be sustained.
*646 We, however, do not- view them .in any sil’ch light. . The gives, the drayman .or hackman special: privileges, which he enjoys. to. the prejudice of the. city, in' the. injury necessarily dope to her streets and pavements, th an amount far. greater, .than -'any benefit to be derived: from- the price of thé license; excluding the necessary burden of supervision. Nor does'the .case show that, three'dollars is too. much, to' pay'as'a reasonable fee for issuing.the .license, and the keeping the.' necessary registers. 1
Judgment reversed, and the judgment rendered which should have been rendered by-the Court of Common Pleas.